Good morning, Your Honors. My name is Matt Campbell from the Federal Defenders of Eastern Washington and Idaho, and I represent Michael Andrews. We're here to discuss several issues regarding a restitution award. In this case specifically, there was a restitution award that was made up in part of medical expenses and in part regarding lost income. It's the latter portion that is the subject of this appeal. Specifically, Section 3663A.B.2.C. provides that in cases where bodily injury results, the defendant should reimburse the victim for lost income by such victim as a result of the offense. In the case of United States v. I believe it's DAEA, they discussed the victim and they indicated that the use of the word the in regarding the victim indicates that the victim must refer to the same victim who personally suffered bodily injury. That case set forth the importance of that term and it limited lost income to the income of the specific victim since that was the terminology of the statute. Didn't they lose income? Excuse me? Didn't the victim here lose income? Well, there was some loss of income it appears, but they also compensated for future losses. The victim did lose income in this case, correct? The victim was unable to work for a period of time, that is correct. I guess that's how we usually, I mean most of us, not everybody, but unless your employer is paying for you while you're off and such, you've lost income. Now, having lost income, he applied and asked a third party if they would ameliorate that by making a payment, but the victim did lose income, did he not? To the extent that the victim was unable to work, that's correct, but in this case... Medical expenses, medical expenses are really a different animal. It's a question of coming in versus going out. Medical expenses, you can't really talk about reimbursing because the victim may never have paid the medical expenses. Everybody knows that. We all hope we don't have to and think our government's now working towards making sure that none of us have to. That's neither here nor there. The point is medical expenses are something somebody else might be paying for sure, and I might never be out of pocket a penny. Income, I've got to lose it, and so I say restitutions. I've got to lose the income, and he did lose income, right? Yes, he did lose income. However, what's referred to in the record sometimes as loss of income also includes, as I mentioned, loss of future income, and our position is that certainly any future income was not lost because that had never arisen. The past income, the portion of the award applying to past income, what about that? The portion related to past income, again, our position is that under 3663A, that the statute specifically speaks of reimbursing the victim. That didn't occur in this case. So to that extent, the restitution statute in the law is relatively clear. It's not a general statute to do good. Well, 3664J is pretty clear too. Why doesn't that answer the question? 3664J, however, refers both, as was previously mentioned, to medical losses as well as to lost income or disability. With respect to a loss, it seems to cover the universe. But 3664J also specifically states, or the case law interpreting it specifically states, and I'm speaking of the CLIA case, that it's a procedural mechanism. It doesn't specifically provide substantive guarantees. So to the extent that 3663A, B2C would limit to losses, to specific types of losses or losses in specific situations, I don't believe 3664J would undo or change that. Why not? It says in so many words that it recognizes the possibility of a victim receiving compensation from insurance or any other source with respect to a loss, the court shall order restitution be paid to the person who provided or is obligated to provide the compensation. It seems to me to open the door exactly to paying a third party. Why doesn't it apply here? I believe that the more specific term would be 3663A, which simply states that the victim must be reimbursed for losses suffered by the victim in conjunction with the fact, as I mentioned, that it doesn't appear that all of these losses were losses incurred by the victim. No, it says you should reimburse the victim for income lost by the victim, right? That's correct, but that presupposes that the victim got compensated for his loss, you can pay the person who compensated it. Doesn't that just cover it? I mean, it might be procedural. I know we have cases that say, well, that's a procedural provision, but because it's under the rubric procedure. But that sure don't sound much like procedure to me. That sounds like saying, if A, then B. I would agree that it does allow for, in certain circumstances, for people to step in. However, to the extent that the losses aren't compensable in the first place, i.e., because they haven't yet been suffered, I don't think that that necessarily gets there. But that's why I asked you to take the two pieces. If you're only attacking it's a future loss, that's one thing. But if you're attacking present loss or past loss, I think we agreed the victim lost income. No question about that. The victim lost income, these guys compensated him for his loss of income. Never mind the future for the moment. And this thing says that he got compensated for his loss of income. You pay the compensator. Why didn't that cover that? I think to the extent that the losses could be clearly delineated, then there would be that argument. However, in this case, I don't believe that the district court actually separated out the losses. And since time is running short, if I could switch to one. I just don't understand what that means. There's not a claim here that anybody else lost other than the victim. I mean, this isn't the third party saying, well, I had to take time off of my job to care for the victim. So what loss is there other than a loss suffered by the victim for which he received third party compensation? There is, I believe wrapped up into that loss, there are arguably past losses and arguably future loss. But loss is loss. I mean, you go to a tort claim all the time, covers things for the future. There's not a doubt about the victim being the one who suffered the injury and the victim's injury being the cause of what these losses were. What if the statute says you don't get compensation or you can't qualify for restitution for future losses? The issue being that in virtually all of the case law, including Cleat, Follett, and some of the other cases cited, that the victim must actually suffer a loss. To the extent that the district court is compensating for, in essence, future losses, those losses have not yet been suffered. So it seems impossible to say that this is an actual loss when those losses have not yet occurred. Again, since time is running short, I'd like to switch to one other major point, which is that we believe the district court erred in not allowing the testimony of Dr. Mays. Dr. Mays was set to testify regarding, in essence, causation. Causation is an important point. The government bears the burden of proving that the loss suffered was, in fact, proximately caused by the injury. Again, I want to state at the outset we're not discussing the medical expenses. Clearly, getting hit in the head with a rock is going to incur medical expenses. I'm not here to argue proximate cause for that. However, there was an issue as to the extent to which the victim may have previously, prior to the accident, suffered from various disabilities. Dr. Mays was going to testify regarding causation to the specific loss of income, permanent disability, et cetera. The district court, in effect, and we discussed this in detail, said, and actually I'll quote this, it is not enough for Dr. Mays to tell me I don't think they got it right at CVCP.  End of story as far as I'm concerned. We believe that's clearly error. It was the district court's responsibility to determine causation. It was the government's burden to prove causation. And in this case, it wasn't that the district court heard Dr. Mays' testimony and said I don't find it credible. The district court simply, in essence, abdicated its responsibility and refused to hear it. We believe that was clearly error, and that by itself would require a remand for a determination. Finally, in the time I have left. Determination of what? Of cause. Causation. Approximate causation regarding the loss of income. And if we remand for determination of causation, do we also set aside the restitution order? At this point, we're certainly not contesting the issue regarding the medical expenses, so that portion of it could be set aside. But I believe. I'm sorry? The lost wages. I believe that entire portion would have to be set aside, because if it was partial causation perhaps or something along those lines, there could be a new determination as to amount. So even if there was some part that was justified, I think we'd have to set it aside. And then the final point that I would make is actually regarding what we referred to as double dipping. And our point there essentially is that by the time CBCP received its restitution award in this case, the victim had actually already received Social Security disability for, in essence, the same loss, although they referred to them in slightly different terms. There was no question. We've taken you over, so I'll still give you a minute for rebuttal, but why don't we hear from the government at this point? Good morning, Your Honors. May it please the Court, my name is Matt Duggan. I represent the United States in this matter. Your Honor, in its barest form, what this case comes down to is the interpretation of the two statutes that Mr. Campbell spoke of, and that is 18 U.S.C. 3663A, B2C, and 3664J1. The defense notes in its brief that subsection C of 3663A talks about reimbursing the victim for income lost and differentiates that from the two sections above in A and B where those two sections use the word pay an amount equal to the cost necessary for one, medical expenses, and two, physical occupational therapy expenses. Those two say pay an amount equal to the necessary cost, and the reason that I believe they use that language is because when a medical facility or occupational therapist provides those services to a victim, it is that entity that is actually out the money, and restitution should be ordered to that medical care provider. But when we get down to reimbursement to the victim for income lost, it will always be the victim who has lost the income. It will never be a third party who has lost that income, and what we're talking about here is just the income lost by the victim in this case. Defense counsel also cites cases which are similar. One is the Cleot case, but that case was a little bit different because it involved a situation where a victim who was enrolled in the armed services received medical care at no cost to her, and the court in Cleot still ruled that the medical care provider for that victim was entitled to the restitution in that case. What about the past versus future? It seems to me our cases, for good or ill, have sort of distinguished the prospective concept from the past concept on the theory that you don't have a loss prospectively. You only have a loss in the past. As far as the lost income, Your Honor? As far as lost anything. Okay. Your Honor, when I look at the statute, it uses the language reimburse the victim for income lost by such victim as a result of such offense. So in the chronology of a case, we have a victim who has suffered a loss, and then at that point begins to potentially suffer lost income as a result of the action of the defendant. Well, that's what I'm asking. It seems to me there are cases that say we're not worried about potential. We know this ain't a civil case. This is a restitution case. We'll give restitution for what he's lost, but we're not talking about trying to guess what he's going to lose over the next ten years. It's only what he's lost because it is restitution. What do you do with that? I understand the court's question. I suppose my response would be that there is indeed a time where there would be a limit to what the restitution for the lost income could be. How do you draw that line? Well, I think that's a line that the trial court judge needs to draw in the way that I would suggest it. That's kind of punny. It is. Where do you draw that line? The trial judge, there is a nice, bright concept. We know what he's lost up to today. We know what he's lost out of the day of sentencing, and if sentencing happens to be extended for two years like it sometimes is, we know what he's lost two years. But how do we know what he's going to lose in the future? That's just guessing, and we're talking about restitution, not civil reimbursement. True? Your Honor, I think when we come down to that situation, I don't know if there's an answer where we can ever say we exactly know what income was lost as a result of this offense and where that line should be drawn. I think what we do is we gather as many facts as we can, and we do make a determination of where that line ends, so there is some limit to it. What's your best case for the proposition that restitution covers future possible losses, which have not yet occurred? What's your best case for that? My best case as far as the proposition? It doesn't just reimburse the person for what's lost up to the day of sentencing, but it reimburses for some period in the future. I don't have one, Your Honor. Okay, thanks. What do we know about the amount that was paid by the victim's compensation fund, how that figure was calculated? If I could have a moment, Your Honor, I need to reach for my materials. Your Honor, the amount that was determined at the trial court level for the amounts that the court has before it for restitution were determined by the Crime Victims' Compensation Program and other information where those people who took a look at this case reviewed Mr. Bershaw's injury and determined how it would affect his livelihood and how he would do work, and they made a determination or put a value on what that loss was to him as far as his inability to work following this instance. In the future also? I'm saying they made a determination. How much did he lose because he was out of this job or he was out of work? They also sort of tried to project what will he lose in the future because of this injury. Is that right? I'm not entirely satisfied that that's what they did, Your Honor. I think what they did was they realized that there needed to be an end time and they used the information they had to best assess what Mr. Bershaw's loss was in this case based on his injury, and those are the amounts that we have. Your Honor, again, getting back to the statutes, we talked briefly about the Daya case. In that case, it's also a situation where we're in a little bit different position in this case because in Daya, the court wrestled with the issue of whether the spouse of the injured victim was entitled to restitution for that injured victim's lost income, and that's how Daya is different from this case. In this case, we're dealing with Mr. Bershaw, who actually lost the income himself. Your Honor, touching on defense counsel's final argument, which has to do with their inability to challenge probable cause at the restitution hearing, it's important for the court to note that the trial court judge in this case didn't make a knee-jerk reaction where he said, I'm not going to hear from Mr. Mays. He heard an offer of proof from defense counsel. The judge actually asked Dr. Mays in court what his testimony was going to be about and heard arguments from counsel before deciding that the court was satisfied that the issue of proximate cause for this injury and this lost income had been satisfied. So in short, for the defense to say that because Mr. Mays was not allowed to testify does not mean that the district court did not find proximate cause for the injury that occurred and the loss of income as a result. I guess I'm not sure I can connect the pieces. I mean, the judge may have had some notion as to what Dr. Mays was going to testify to, but is there anything you can point to that supports the proposition that the judge has made a factual assessment or made a factual finding that took into account what Dr. Mays said, as opposed to simply accepting the number that was decided upon by the victim compensation fund and saying, well, that's good enough for me? And if it is the latter, is that sufficient under the law? Your Honor, to answer that, I would refer the court to the excerpt of record at page 107 where we have the district court judge's order where he lays out the basis for his findings as far as what the proximate cause was for that amount of restitution that he ordered. And in that section of the transcript, he goes through some of the details that he considered in finding that there is proximate cause, and he also goes through in some detail and addresses what he understands Dr. Mays' testimony would have been. And, again, that's from asking him questions and offer proof from counsel and also argument from counsel. Where were you referencing there, ER? Your Honor, right now I'm looking at ER 107. That's the order, right? Yes. Okay. What exactly are you pointing to there? The order does recite, It's the government's burden to establish by a preponderance of the evidence the victim's damages were caused by defendant's conduct. And then as I flip through the next few pages, it seems to deal with the legal argument with regard to the lost income payment and the language of the statute and so forth. And the district court rules that that legal argument fails. I get to the last paragraph of that section, which seems to be a conclusion of law, and I don't see a discussion that appears to me to be a finding of fact. There is some discussion during some of the citations with regard to the transcript. And I apologize, Your Honor, I'm not finding the language that I'm trying to point the court to. I don't know if you have, like, ER 284. Let's look at 285. Well, yes, Your Honor, it does, on ER 284, 285, it does, in the transcript, go through. Well, in particular, on 285, there's a line, and, C, it is not enough for Dr. Mays to tell me I don't think they got it right at CVCP. CVCP made their determination, they paid the money. End of story as far as I'm concerned. Now, is it appropriate for the district court to say, in effect, the victim compensation fund decided this was the right amount? That's the end of the story? The district court doesn't have to make any factual determination? Your Honor, I believe what happened in this case was the district court took a look at what the as far as what their factors were, and then he agreed with them. I don't think it was a situation where the court blindly looked to the CVCP and just rubber-stamped it and said, if it's good enough for them, it's good enough for me. But the CV, what is it, CVCP looked at amount, and Dr. Mays was going to testify as to causation. Isn't that different? Again, Your Honor, I don't know if this answers the question, but what happened in this case was the district court judge looked at the amounts that CVCP determined and then said it's not enough for Mr. Mays to come in and simply say they didn't get it right. I think what the court is saying there is that it agrees with the CVCP's findings and it's taken a look at them and it agrees with those findings and it's satisfied that the government's met its burden. Findings as to amount or causation? I think for both, Your Honor. It's really not clear from that statement, is it? I think when you look at just that statement, you could be left with some questions. But when you look at all of the transcripts and everything that happened with regard to this two-day restitution hearing, I think we're left with the picture that the court took an in-depth look at what the CVCP did and agreed with it. So did the CVCP put on evidence of causation? Your Honor, it's somewhat of a disadvantage because I was not at the trial level on this court, but it's my recollection that they did in reviewing the transcripts for this case. They put on medical testimony? I don't know if they put on medical testimony, but they provided evidence that satisfied the district court judge regarding the issue of the medical evidence.  So just to close, Your Honor, when we look at 3663 and 3664 and look at those two together, I think the court gets the sense of what those two statutes mean together and that the lost income, even though it was paid by the CVCP, is properly ordered as restitution to them. Thank you. Thank you. Just in brief, I think it's clear that the district court did not find a proximate cause, and I point the court to excerpts 291 to 292. The court specifically said, I am simply going to hold that he can't undermine the evaluation unless there was new evidence, some sort of fraud on the department which simply substantiates and validates their decision. That would be a different story, but that is not the case here. There was no medical testimony. A person from, like a custodian of records from CVCP had testified, but that was it. And I would like to touch briefly on the double-dipping argument. There were two, essentially, awards given, one by CVCP, one by the Social Security Administration, and they covered essentially the same thing. The end result was that the victim did receive payments from both, and essentially our position on that was that they, and there was testimony about this from Mattie Brimmer from the CVCP, that there's a 90-day period for protesting. Your time has expired. It has. Thank you, Your Honor. The case just argued is submitted.
judges: Alarcon, Fernandez, Clifton